IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH WOOD JR., | |
| Petitioner, | 8:21CV470 |
| vs. | |
| MICHAEL MYERS, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before me on initial review of Petitioner Joseph Wood Jr.'s ("Petitioner" or "Wood") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing 1.) For the reasons discussed below, I will dismiss Wood's petition without prejudice.

At the time he filed his petition on December 20, 2021, Wood was a state pretrial detainee confined at the Douglas County Department of Corrections ("DCDC") in Omaha, Nebraska, but he was subsequently released and updated the court with his new address on December 30, 2021. (Filing 1 at CM/ECF p. 1; Filing 3.) Wood alleged he is challenging the decision or action in case number "CR21-7819," which the court assumes is a Douglas County District Court case. (Filing 1 at CM/ECF p. 2.) This court has been afforded online access to the State of Nebraska's court records through the JUSTICE website, but no records related to the case number provided by Wood are publicly available.

Wood alleges the following claims in his petition: (1) "Level 1 lockdown quarantine inmates [are] serving trays;" (2) "Civil Rights violation for inadequate

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

access to religious worship by not being allowed to be baptized;" (3) inmates are "not allowed the right to visitation of friends and family;" (4) "Civil Rights violation for inadequate access to forms of media and Free speech in the forms of literature;" (5) "C/O's [correctional officers] not properly wearing there [sic] masks endangering the inmate population;" (6) DCDC is "[n]ot enforcing proper safety procedures concerning masks and the Covid 19 pandemic;" (7) "C/O Abuse of power, targeting, fear mongering, and administrations [sic] blatant disregard;" (8) Wood "was not allowed [his] procedural and lawful right to recreation on August 8th 2021;" (9) "Loss of property and left in bloody uniform;" and (10) "Inadequate Access to law Library." (Filing 1 at CM/ECF pp. 6–7, 9 (capitalization as in original).) Wood seeks to be released on his own recognizance, and asks the court to

> Mandate proper and effective safety protocols for staff and inmates, mandate inmates [sic] ability to purchase books from publishers. Mandate the allowance of Baptisms, Mandate more effective, helpful, and general access to the law library for general population inmates, and for segregated inmates. Mandate stricter and more effective grievance procedures. Appoint an attorney for [him] to sue the states [sic] negligence under 42 U.S.C. 1983 or other federal civil proceedings.

(*Id*. at CM/ECF p. 7 (capitalization and punctuation as in original).)

Wood cannot pursue his civil rights claims nor sue the State for negligence under 42 U.S.C. § 1983 in this habeas corpus action. That is:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Regarding Wood's request for release, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because, as far as I can tell, Wood is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. The court further finds that Wood's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g.*, *Braden*, *supra* (speedy trial rights); *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (double jeopardy). Because it "plainly appears from the petition . . . that [Wood] is not entitled to relief," *see* Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss Wood's petition without prejudice to reassertion of his claims in an action under 42 U.S.C. § 1983.

Because "the detention complained of arises from process issued by a state court," Wood must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed.

3

R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Wood is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The clerk of the court shall mail a form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner) and a form AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs to Petitioner.

3. Petitioner's pending Motion for Summons (filing 5) is denied as moot.

4. The court will enter judgment by separate document.

Dated this 23rd day of February, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge